FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2006 MAR -1  P 1: 37

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

BILLY J. GREENE,

    Plaintiff,

v.     Case No. 05-cv-1332-J-HES-HTS

PROVIDENT LIFE & ACCIDENT
INSURANCE CO.,

    Defendant.
_____/

## ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 7, filed on January 9, 2006). The Plaintiff filed a Response (Doc. No. 10, filed on January 31, 2006). The Complaint alleges a breach of contract involving a disability insurance policy. The Plaintiff alleges that he became disabled on November 28, 1998, and that disability insurance benefits were paid by the Defendant until August 1999, at which time they were wrongly terminated.

The Defendant's Motion to Dismiss raises a statute of limitations defense arguing that the cause of action accrued at the time the disability benefits were terminated in August 1999. Dinerstein v. Paul Revere Life Insurance Co., 173 F.3d 826 (11th Cir. 1999). The Plaintiff was aware of the termination and alleges that he attempted to reinstate the benefits. The statute of limitations began to run upon the termination of benefits in August 1999 and expired five years later, in August 2004. The Plaintiff did not bring this action until November, 2005.

The Plaintiff contends that the policy benefits constituted continuing obligations to pay the

benefits in monthly installments so that the date of each payment commenced a separate limitation period. Plaintiff fails to cite any law to support his position and instead, merely attempts to distinguish the cases that the Eleventh Circuit relied upon in its opinion in Dinerstein, which involved an underpayment of monthly disability benefits. In Dinerstein, the Eleventh Circuit Court of Appeals specifically explained that the statute of limitations begins to run at the time the contract is breached, that is, at the time that the insurer's first refusal to pay occurs.

The Dinerstein case itself is similar to the instant case and is binding precedent upon this Court. See U.S. V. Greer, 2006 WL 435662, *7-8 (11th Cir., Feb. 24, 2006); U.S. v. Matthews, 431 F.3d 1296, 1313-14 (11th Cir. 2005) (explaining that only a decision of the Eleventh Circuit Court of Appeals "sitting en banc or by the United States Supreme Court can overrule a prior panel decision.") (citations omitted). Accordingly, it is

**ORDERED AND ADJUDGED:**

(1) That Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 7, filed on January 9, 2006) is **GRANTED**; and

(2) The Clerk is directed to enter final judgment accordingly, and to close the case.

**DONE AND ENTERED** at Jacksonville, Florida, this 28 day of February, 2006.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:

Borden R. Hallowes, Esq.
Jeptha F. Barbour, Esq.